IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

COALFIELD LUMBER CO., INC.
a Kentucky Corporation, and,

BRYAN K. JUDE,

                    Plaintiffs,

v.                                           CIVIL ACTION NO. 2:19-cv-00098

MADELINA M. TINT STACY, et al.,

                    Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendants' Motion to Dismiss for Lack of Subject-Matter Jurisdiction. (ECF No. 19.) For the reasons discussed more fully below, the Court **GRANTS** the motion. (ECF No. 19.)

*I.    BACKGROUND*

Plaintiffs filed this action alleging fraud stemming from an alleged check cashing scheme by Defendants. (*See* ECF No. 1.) Plaintiffs' sole basis for federal jurisdiction is complete diversity between Plaintiffs and Defendants. (*See id.*) In the Complaint, Plaintiffs allege Plaintiff Coalfield Lumber is a Kentucky corporation with its principal place of business in Kentucky and Plaintiff Bryan K. Jude ("Jude") is a citizen of Boyd County, Kentucky. (*See id.* at 1–2, ¶¶ 1–2.) Plaintiffs further allege Defendants are citizens of West Virginia. (*See id.* at 2, ¶¶ 3–7.)

1

On February 8, 2019, Plaintiffs filed this action against Defendants. (ECF No. 1.) Defendants subsequently filed the present motion to dismiss for lack of subject matter jurisdiction on March 22, 2019, arguing Jude was a citizen of West Virginia when this action was filed and, thus, there is not complete diversity between parties. (*See* ECF No. 20.) Plaintiffs timely responded to the motion, (ECF No. 22), and Defendants timely replied, (ECF No. 23.) As such, the motion is fully briefed and ripe for adjudication.

## II. LEGAL STANDARD

Article III of the United States Constitution provides, in pertinent part, that "[t]he judicial Power shall extend . . . to Controversies . . . between Citizens of different States . . . ." U.S. Const. art. III, § 2. "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). The Supreme Court has long "read the statutory formulation 'between . . . citizens of different States'" in Section 1332(a)(1) "to require complete diversity between all plaintiffs and all defendants." *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) (citing *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996)). "[T]he 'complete diversity' rule clarifies that the statute authorizing diversity jurisdiction over civil actions between a citizen of a state where the suit is brought and a citizen of another state permits jurisdiction only when no party shares common citizenship with any party on the other side." *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999) (citation omitted). "A party seeking to invoke diversity jurisdiction has the burden of showing complete diversity of citizenship." *Hardaway v. Checkers Drive-In Rests.*, 483 F. App'x 854, 854 (4th Cir. June 20, 2012) (citing *Krasnov v. Dinan*, 465 F.2d 1298, 1301 (3d Cir. 1972)). "When a defendant challenges subject matter jurisdiction

pursuant to Rule 12(b)(1), 'the district court is to regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment.'" *Evans v. B.F. Perkins Co., a Div. of Standex Int'l Corp.*, 166 F. 3d 642, 647 (4th Cir. 1999) (quoting *Richmond, Fredericksburg & Potomac R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir.1991)). A motion to dismiss under Rule 12(b)(1) should only be granted "if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Id.*; *see also Upstate Forever v. Kinder Morgan Energy Partners, L.P.*, 887 F.3d 637, 645 (4th Cir. 2018).

## III. DISCUSSION

The sole issue before the Court is whether diversity jurisdiction exists. In support of their motion, Defendants provide a complaint filed by Plaintiffs on March, 1, 2019, in the Circuit Court of Wayne County, West Virginia, against Defendant Madelina Stacy. In that complaint, filed only three weeks after the present case, Plaintiffs assert Jude is a resident of West Virginia and list his address as a West Virginia address. (*See* ECF No. 20-1.) Defendants further submit Jude's entry in the Mingo County, West Virginia, voter registration log which shows Jude is currently a registered voter as of March 18, 2018, when the records were reviewed. (*See* ECF No. 20-2.) In objection, Plaintiffs submit an affidavit of Jude in which he states he is a citizen of Kentucky, as evidenced by his permanent move, and that he banks, works, and pays taxes all in the state of Kentucky. (*See* ECF No. 22 at 3.)

A determination of diversity jurisdiction is based on whether diversity exists "at the time the action is filed,' regardless of later changes in originally crucial facts such as the parties' citizenship . . . ." *Porsche Cars North America, Inc. v. Prosche.net*, 302 F.3d 248, 255–56 (4th

Cir. 2002) (quoting *Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428 (1991)); *see also McNeely v. Soyoola*, No. 2:12-cv-8727, 2014 WL 12862485, at *2 (S.D. W. Va. Mar. 27, 2014) ("[A] later change of citizenship will generally not alter whether diversity jurisdiction exists.").

"An individual is a citizen of the state in which he or she is domiciled." *Bloom v. Library Corp.*, 112 F. Supp. 3d 498, 502 (N.D. W. Va. June 30, 2015) (citing *Johnson v. Advance Am.*, 549 F.3d 932, 937 n.2 (4th Cir. 2008)). "Domicile requires physical presence, coupled with an intent to make the State a home" and, thus, allegations of residence alone do not establish citizenship in a state. *Id.* (quoting *Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989)); *see also Johnson*, 549 F.3d at 937 n.2. In determining domicile, Courts may consider the following factors: "the party's current residence; voter registration and voting practices; situs of personal and real property; location of brokerage and bank accounts; membership in unions, fraternal organizations, churches, clubs, and other associations; place of employment or business; driver's license and automobile registration; [and] payment of taxes." *Bloom*, 112 F. Supp. 3d at 502 (quoting 13E Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3612 (3d ed. 2014)). However, none of these factors are dispositive. *Id.* "Furthermore, a party's own statements of his intended domicile are 'not conclusive' and are 'entitled to little weight when in conflict with the facts.'" *Peterson for Peterson v. Patty*, No. 3:16-cv-00026, 2017 WL 2655854, at *3 (W.D. Va. June 19, 2017) (citing *Webb v. Nolan*, 361 F. Supp. 418, 421 (M.D.N.C. 1972), *aff'd*, 484 F.2d 1049 (4th Cir. 1973)).

While some facts do weigh in favor of finding Jude was domiciled in Kentucky, the totality of the circumstances weigh in favor of finding Jude was domiciled in West Virginia, not Kentucky,

4

at the time this action was filed. On February 8, 2019, when the complaint was filed, Jude still maintained a residence in West Virginia, had a West Virginia driver's license, and had his personal vehicles registered in West Virginia.[1] (*See* ECF No. 23 at 3.) In addition, Jude was still registered to vote in West Virginia. (*See* ECF No. 20-2.) *See also Bloom*, 112 F. Supp. 3d at 503 (noting that courts have found a party's voter registration to be of particular importance in determining domicile); *Peterson for Peterson*, 2017 WL 2655854, at *3 ("Additionally, and perhaps most importantly, Peterson is registered to vote in Georgia, which raises a presumption that he is a citizen of that state."). In December 2018, Jude's wife also paid taxes on an owner-occupied residential property in Dingess, West Virginia. (*See* ECF No. 23-2.) Lastly, in an action in which Jude is a plaintiff, filed less than one month after the present case, Jude is listed as being a resident of Dingess, West Virginia.[2] (*See* ECF No. 20-1 at 1.) Thus, four of the seven above factors support the conclusion that Jude was a West Virginia resident at the time of filing. *Bloom*, 112 F. Supp. 3d at 502.

Plaintiffs argue that Jude's "prompt attention to these matters" is evidence of his intent to remain in Kentucky. (ECF No. 22 at 3.) However, the law is clear that the determination of whether diversity jurisdiction exists is based on the facts at the time of filing. *Porsche Cars North America,* 302 F.3d at 255–56 (4th Cir. 2002). At the time of filing this action, Plaintiffs admit Jude

---

[1] The Court notes that Jude did not change his driver's license or vehicle registration from West Virginia to Kentucky until after this action was filed. Plaintiffs admit Jude had a West Virginia driver's license at the time of filing and further admit that his voter and vehicle registration were changed within the two months of his moving to Kentucky. (*See* ECF no. 22 at 3.) However, the record contains no definitive dates.

[2] Plaintiffs argue that this complaint was prepared and filed by corporate counsel for Coalfield Lumber Company without consultation with Jude and is simply incorrect. However, Plaintiffs should have reviewed this complaint to ensure its accuracy. In addition, Defendants have provided a tax receipt showing Jude's wife paid property taxes on their West Virginia property as recently as December 3, 2018. (ECF No. 22-1.) These tax records, in combination with Jude's other ties to West Virginia, make it difficult to dismiss this as a simple error.

did not hold a Kentucky driver's license, was not registered to vote in Kentucky, and did not have his vehicles registered in Kentucky (ECf No. 22 at 3). Thus, this argument fails.

Plaintiffs most persuasive argument is based on Jude's intention to make Kentucky his permanent home. Jude purchased property in Kentucky in July 2018 and began expensive renovations which show both an intent and investment in this residence. (ECF No. 22 at 2.) Jude has stated no intention to return to West Virginia and physically moved to Kentucky in January of 2019, with the intent to make it his permanent home. Jude also currently banks and works in Kentucky.[3] (*See* ECF no. 22 at 3.)

However, at the time of filing, Jude was in transition and still held strong ties to West Virginia in all other ways. While he no longer had the intent to make West Virginia his permanent home, he only permanently moved to Kentucky within days of filing this complaint. A new domicile had not yet been established. In fact, in a separate complaint, filed only three weeks after this action, corporate counsel claimed Jude was a West Virginia resident and used his prior residence to support this claim.

As noted, the burden of establishing diversity jurisdiction remains with Plaintiffs and they have not carried their burden. Allegations of residence alone do not establish citizenship. Plaintiffs have provided no definitive dates and no documented evidence to support the claims made in Jude's affidavit and the court affords little weight to these subjective statements because the greater weight of evidence supports Defendants' position on this issue. In sum, given the specific circumstances presented in this case and considering the evidence in its entirety, the court

---

[3] The record does not indicate when Jude began banking in Kentucky or whether Jude currently banks or has previously banked in West Virginia. The record also does not indicate whether Jude still maintains his residence in West Virginia.

concludes that Jude was not a resident of Kentucky at the time this action was filed and that diversity jurisdiction does not exist. This court has no jurisdiction over these claims.

## IV. CONCLUSION

For the reasons discussed herein, the Court **GRANTS** Defendants' motion to dismiss and **DISMISSES** this action **WITHOUT PREJUDICE**. The Court **DIRECTS** the Clerk to remove this action from the Court's docket.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: September 10, 2019

THOMAS E. JOHNSTON, CHIEF JUDGE